IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


CARSON CHOON,

    Plaintiff,

v.                                     CASE NO. 1:08-cv-138-SPM/AK

DEPARTMENT OF VETERANS, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff responded to the Court's show cause order by filing what appears to be a Second Amended Complaint, wherein he names only two defendants: Department of Veteran's Affairs and City of Newark, N.J. (Doc. 17). The complaint is one page long, not on proper forms (again), and explains that jurisdiction is based on 28 U.S.C. §1346.[1] The pleading also describes the cause of action as "The City of Newark, NJ, is the bad guy that wouldn't straighten out the taxes. They credited our tax money, paid our mortgage, to the abandoned house next door." The house at issue was apparently owned by the Department of Veterans Affairs, but the alleged wrongdoing was by the City of Newark. These claims are slightly different from those asserted in the original and first amended complaint,[2] but none of these claims should be in federal court.

---

[1] The statute section referenced is when the Internal Revenue Service wrongfully collects a tax and the United States is a defendant.

[2] Plaintiff initially sued Defendant Department of Veterans Affairs claiming that although DVA handled his loan "effectively and honestly," Seasons Mortgage Company (another defendant) mishandled it and caused him to go into foreclosure. Apparently Countrywide, also a Defendant, bought out Seasons, but failed to investigate Plaintiff's claims that Seasons had mishandled his loans and completed the foreclosure

**I.     Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there

---

proceedings.  Plaintiff also sues the law firm that Plaintiff hired to sue Countrywide, Defendant Andora and Romano, for "folding" on the case.

are compelling reasons for immediately dismissing frivolous suits by pro se parties since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. <u>Williams</u>, *supra*; <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).

As Plaintiff was advised previously, if he is claiming some negligence by the DVA in crediting his tax (and it is not clear that he is), such a claim must be brought pursuant to the Federal Tort Claims Act (FTCA), which provides that no action shall be commenced under this Act "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified to registered mail." 28 U.S.C. 2675(a). The Act further provides that a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...."  28 U.S.C. § 2401(b). A claim under the FTCA accrues at the time of injury. <u>United States v. Kubrick</u>, 444 U.S. 111, 120 (1979). Plaintiff has provided no proof of administrative exhaustion of his claim nor has he provided any dates of when these events occurred from which the Court could discern whether this cause of action is time barred.

Plaintiff seems to have dropped his previous claims against the mortgage companies and now claims that the City improperly taxed him, which is an issue that should be raised in state court.

*Case No: 1:08CV138-SPM/AK*

Finally, Plaintiff has identified only the City of Newark, New Jersey, as the alleged wrongdoer and the property at issue and all the events upon which the cause of action is based occurred in New Jersey as well.  Venue is therefore proper in New Jersey based on the facts set forth in the paper most recently submitted as purporting to be a pleading. 28 U.S.C. §1391.  However, rather than transfer this cause, the undersigned finds that it should be dismissed because Plaintiff has failed to assert either federal or constitutional claims.   A district court should review subject matter jurisdiction sua sponte, and shall dismiss an action "at any time" when it determines that it lacks subject matter jurisdiction.  Rule 12(h)(3), Federal Rules of Civil Procedure; <u>Blue Cross & Blue Shield of Alabama</u>, 138 F.3d 1347 (11th Cir. 1998); and <u>Bell v. Hood</u>, 327 U.S. 678 (1946).

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **DISMISSED** for lack of jurisdiction.

**IN CHAMBERS** at Gainesville, Florida, this   *8th*   day of April, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**